UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYVANIA

| | | |
|---|---|---|
| Jeffrey J. Bliss | : | |
| 9483 Pleasant Ridge Road | : | |
| Harrisonville, PA  17228 | : | |
| Plaintiff | : | |
| **Vs.** | : | |
| NRA Group, LLC | : | **10-cv-01261** |
| 2491 Paxton Street | : | |
| Harrisburg, PA 17111 | : | |
| a/k/a | : | |
| National Recovery Agency, Inc. | : | |
| 2491 Paxton Street | : | Jury Trial Demanded |
| Harrisburg, PA 17111 | : | |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| XYZ Corporations | : | |
| Defendant | : | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### INTRODUCTION

1. This is a class action lawsuit for damages brought by an individual consumer for

   Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.

   (hereinafter "FDCPA").

### PARTIES

2. All previous paragraphs of this complaint are incorporated by reference and made a part

   of this complaint.

3. Plaintiff is Jeffrey J. Bliss, an adult individual with a current address of 9483 Pleasant

   Ridge Road, Harrisonville, PA  17228.

4. Defendants are the following persons and business entities.

5.   National Recovery Agency, Inc., a business entity, with a principal place of business located at 2491 Paxton Street, Harrisburg, PA 17111.

6.   NRA Group, LLC, a business entity with a principal place of business address of 2491 Paxton Street, Harrisburg, PA 17111.

7.   John Does 1-10 whose names and addresses are not yet known, but will become known following discovery.  It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

8.   X,Y, Z Corporations, business entities whose names and addresses are not yet known, but will become known following discovery.  It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of Fair Debt Collection Practices Act
15 USC 1692 et. seq.**

9.  All previous paragraphs of this complaint are incorporated by reference and made a part
of this portion of the complaint.

10. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act
(FDCPA), 15 USC 1692 et. Seq.

11. At all times mentioned in this complaint, Defendant(s) was / were acting as a debt
collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

12. At all times mentioned herein, Defendant was attempting to collect on an alleged
consumer debt against Plaintiff.

13. At one or more times during 2009, Defendant contacted Plaintiff about an alleged
consumer debt.

14.  On or about December 26, 2009, Plaintiff disputed the alleged debt in writing.  See Exhibit A.

15.  Defendant received Plaintiff's written requests to cease communication to Plaintiff.  See attached Exhibit B, fax confirmation page.

16.  Defendant ignored Plaintiff's written request not to contact him anymore, and continued to make numerous telephone calls to Plaintiff.  See attached Exhibit C which show Plaintiff's phone being called  by Defendant.

17.  By ignoring Plaintiff's written request to cease communication, Defendant violated 15 USC 1692c of the Fair Debt Collection Practices Act.

## CLASS ALLEGATIONS

18. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint .

19. Plaintiff brings this case as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a Class consisting of members who meet the following criteria.

     a.      Consumers within the meaning of the FDCPA at all times pertinent.

     b.      Subject to Defendant's collection activity at all times pertinent.

     c.      Residents of Pennsylvania at all times pertinent.

     d.      Consumers who disputed their accounts with Defendant(s).

     e.      Whose disputes were not handled properly by Defendant(s), because Defendant(s) failed to act properly in accordance with 15 USC 1692c after receiving Plaintiff(s) disputes.

20. Excluded from the class is Plaintiff's attorney, employees or associates of Plaintiff's attorney, and others wishing to opt out of the class.

21. Plaintiff reserves the right to re-define the class following discovery, or as the case progresses.

22. Plaintiff reserves the right to eliminate the class action aspect of this action, and to litigate or settle the case on an individual basis, at any time prior to certification of the class.

23. It is believed and averred that there are several victims of Defendant(s) aforementioned collection activity, and that members of the Class are so numerous that joinder of all members is impractical.

24. Plaintiff's claims are typical of the claims of the Class members because they received the same type of collection telephone message from Defendant(s) that Plaintiff received from Defendant(s).

25. Plaintiff will fairly and adequately protect the interests of the Class members.  Plaintiff has retained counsel competent and experienced in consumer law, and capable of familiarizing herself with class action litigation practice and procedure.

26. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. Among the questions of law and fact common to plaintiff and the Class are the following.

a. Did Plaintiff and other similarly situated members of the class send a qualified written communication to Defendant to cease and desist communication?

b. Did Defendant receive Plaintiff's and other similarly situated members' cease and desist communications?

c. Did Defendant fail to cease and desist communication with Plaintiff and other members of the class after receipt of a written request to cease communication by Plaintiff and other similarly situated members of the class?

d. By failing to cease communication with Plaintiff and other members of the class, Did Defendant violate 15 USC 1692c?

e. Were the accounts referred to in Plaintiff's and other members of the class' written request to cease communication *consumer debts* as defined by the FDCPA?

f. Was / were the Plaintiff(s) consumer debtors as defined by the FDCPA, at all times pertinent?

g. Was / were Defendant(s) acting as a debt collector as defined by the FDCPA   at all times pertinent?

27. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

28. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

29. The Class is readily identifiable from the Defendant(s)' records.

30. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for defendants.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.

32. The amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

33. Without a class action, Defendant(s) will likely retain the benefit of its wrongdoing.

34. Without a class action, Defendant(s) will likely continue a course of action, which will result in further damages to Plaintiff and members of the Class.

## LIABILITY

35. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

36. Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

37. In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

38. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

**DAMAGES**

39.  All previous paragraphs of this complaint are incorporated by reference and made a part
of this portion of the complaint.

40.  At least $1.00 actual damages, including but not limited to phone, fax, stationary,
postage, etc.

41.  $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

42.  Plaintiff was angered, distressed humiliated and disgusted about the aforementioned
misconduct of Defendant.  For purposes of a default judgment, Plaintiff believes and
avers that his distress should have a Dollar value of at least $5,000.00.

**ATTORNEY FEES**

43. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

44. Attorney fees of $1,925.00 at a rate of $350.00 per hour, enumerated below.

| | |
|---|---|
| a.   Consultation with client | 1 |
| b.   Organization of file, labeling of exhibits showing Defendant's misconduct.  Paper chase | .5 hour |
| c.   Follow up contact with Defendant | .5 hour |
| d.   Drafting of writ and service of process | .25 |
| e.   Drafting of complaint, review with client and editing and filing of complaint | 1.5 hours |
| f.   Service of process | .25 hour |
| g.   Drafting, editing and review of amended class action complaint  in federal court, document processing and sertvice | 1.5 |

_____

5.5 x $350 = $1,925.00

45. Plaintiff's attorney fees continue to accrue as the case move forward.

46. The above referenced attorney fees are an estimate of the minimum effort necessary to prosecute the case, at the time of the filing of the complaint, and reasonable follow up afterwards.

**OTHER RELIEF**

47. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

48. Plaintiff seeks injunctive relief barring further unlawful collection activity.

49. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

50. Plaintiff requests trebles damages against Defendant because the acts committed by Defendant were willful, wanton, reckless and / or intentional.

**JURY TRIAL**

51. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

52. Plaintiff requests a jury trial in this matter

Wherefore, plaintiff demands judgment against defendant in the amount of $12,926.00 enumerated below.

$1.00 more or less actual damages.

$5,000.00 actual damages of emotional distress, etc.

$5,000.00 plaintiff incentive fee

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,925.00attorney fees

_____

    $12,926.00

/s/ Vicki Piontek         7-11-2010

_____  _____

Vicki Piontek, Esquire        Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYVANIA

| | | |
|---|---|---|
| Jeffrey J. Bliss | : | |
| 9483 Pleasant Ridge Road | : | |
| Harrisonville, PA  17228 | : | |
| Plaintiff | : | |
| **Vs.** | : | |
| NRA Group, LLC | : | **10-cv-01261** |
| 2491 Paxton Street | : | |
| Harrisburg, PA 17111 | : | |
| a/k/a | : | |
| National Recovery Agency, Inc. | : | |
| 2491 Paxton Street | : | Jury Trial Demanded |
| Harrisburg, PA 17111 | : | |
| and | : | |
| John Does 1-10 | : | |
| and | : | |
| XYZ Corporations | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

On the 11th day of July, 2010, I served a true and correct copy of the attached Plaintiff's First Amended Complaint upon the Defendant's attorney at the following addresses.


Matthew Lee Owens, Esquire
Owens Barcavage & McInroy LLC
2000 Linglestown Road , Suite 303
Harrisburg , PA 17110



/s/ Vicki Piontek                    7-11-2010
_____        _____
Vicki Piontek, Esquire                Date
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com